UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JOSE DAVID LUIS PARAISO, | Case No. 5:26-cv-02598-DTB |
| Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| TIM ROBBINS, et al., | |
| Respondents. | |

**I.**

**PROCEDURAL HISTORY**

On May 14, 2026, petitioner Jose David Luis Paraiso ("Petitioner"), through counsel, filed the form Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Docket No. 1-1), along with a thirteen page Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 1-2), as well as an Application for Temporary Restraining Order ("TRO Application") (Docket Nos. 1-3 - 1-5). The Petition alleges that Petitioner is being unlawfully detained in violation of the Immigration and Nationality Act ("INA") and in violation of the Due Process Clause

1

of the Fifth Amendment).  (Petition at 11-13).[1]  Petitioner seeks immediate release, or in the alternative, a bond hearing.  (Id. at 13).

On May 18, 2026, the Court denied Petitioner's TRO Application but prohibited his removal from this District during the pendency of this action.  (Docket No. 9).

On May 21, 2026 (pursuant to General Order 26-05's expedited briefing schedule, see Docket No. 5), Respondents filed an Answer to the Petition ("Answer"), stating that: "Respondents are not presenting an opposition argument to Petitioner's request for a bond hearing at this time."  (Docket No. 11 at 2).

Petitioner did not file a Reply.

Thus, this matter is now ready for decision.  For the reasons set forth below, the Court grants the Petition.

## II.

## BACKGROUND

Petitioner has resided in the United States since he was 14 years old.  (Petition, ¶41).  On April 10, 2026, Petitioner was detained by immigration authorities and is now being held at the Adelanto Detention Facility.  (Id., ¶42).  Department of Homeland Security ("DHS") placed Petitioner in removal proceedings before the Adelanto Immigration Court pursuant to 8 U.S.C. § 1229a.  (Id., ¶43).  Immigration and Customs Enforcement ("ICE") has charged Petitioner with, inter alia, being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  (Id.).

Petitioner has a Form I-360 Approval for Special Immigrant Juvenile Status ("SIJS") with United States Citizenship and Immigration Services.  (Id., ¶44).

---

[1]    For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

Petitioner's I-360 priority date is current with the visa bulletin and he can apply to adjust his status.  (Id.).

Following Petitioner's detention and transfer to Adelanto, ICE issued a custody determination to continue Petitioner's detention without an opportunity to post bond or be released on other conditions.  (Id., ¶45).

Petitioner alleges that pursuant to Matter of Yajure Hurtado, the immigration judge is unable to consider Petitioner's bond request.  (Id., ¶46).

In the Petition, Petitioner alleges that he has been present in the United States for approximately 14 years and that  he has developed "immense ties" to the United States through his family and community.  (Id. ¶47).  Petitioner maintains that he has "an extremely viable" method for adjustment through his approved I-360 petition and SIJS with a current priority date.  (Id.).  He contends these ties and prospective relief mitigate any perceived flight risk.  (Id.).

### III.

### LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 on the grounds of their detention violates the Constitution or other federal laws.  28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

## IV.

## DISCUSSION

### A.    Petitioner is Entitled to Habeas Relief.

Given their  election not to oppose the merits of the claims in the Petition, the Court finds that Respondents have consented to the arguments raised therein pursuant to Central District of California Local Civil Rule 7-12.  Respondents' non-opposition itself provides a basis to grant the Petition.  See Soleimani v. Larose, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); Singh v. Chiang, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); see also United States v. Sineneng-Smith, 590 U.S. 371, 375-76 (2020) ("In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first  instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present. . . . [Therefore,] as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.").[2]

---

[2]    While the Court rules primarily on the basis of Respondents' non-opposition, the Court has reviewed the Petition to assure that the Respondents' non-opposition is not baseless.  See Escalante

Moreover, Respondents affirmatively assert that they are not opposing Petitioner's request for a bond hearing. (Answer at 1). Accordingly, on this record, the Court finds that Petitioner has demonstrated that his detention violates his right to procedural due process under the Fifth Amendment. (Petition at 12).

Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge consistent with all applicable statutory requirements and agency regulations, and in which Respondents bear the burden of proof. See Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom.*, Maldonado Bautista v. Noem, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

For the reasons set forth above, the Petition is GRANTED, and a writ shall issue ordering Respondents to provide Petitioner with a bond hearing.[3]

**IV.**

**CONCLUSION**

IT THEREFORE IS ORDERED as follows: (1) Respondents are to provide Petitioner, Jose David Luis Paraiso (A 206-184-579), with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), as well as 8 C.F.R. Sections 1003.19 and 1236.1, and at which the government bears the burden of proof, within seven (7) days of the date of the date of this Order; (2) Respondents are to provide the immigration judge conducting the bond hearing with a copy of this Order; and (3) Petitioner is to be released from custody within eight (8) days

---

Vargas v. Semaia, No. 5:26-cv-1802-MCS, 2026 WL 1195989 (C.D. Cal. Mar. 23, 2026) (granting TRO and ordering release based on finding of likelihood of success on similar claim).

[3] The Court's determination that Petitioner is entitled to habeas relief on the second claim alleged in the Petition renders it unnecessary for the Court to address Petitioner's claim that his detention violates the INA.

following the date of this Order if he has not been provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

IT IS FURTHER ORDERD that Respondents are to file a statement with the Court within one business day of the date of Petitioner's bond hearing or the date of Petitioner's release, attesting to Respondents' compliance with this Order.

DATED: May 29, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

6